UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Cr. No. 25-446 (KMM/SGE)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | **JOINT PROPOSED JURY** |
| v. | ) | **INSTRUCTIONS** |
| | ) | |
| FIROMSA AHMED UMAR, | ) | |
| | ) | |
| Defendant. | ) | |

The parties, by and through their undersigned attorneys, propose the following jury instructions be used by the Court during the stages of trial. The parties reserve the right to submit additional proposed instructions of law at the close of the evidence.

Dated:  March 25, 2026

Respectfully submitted,

DANIEL N. ROSEN
United States Attorney

/s/ *Jeanne D. Semivan*
BY:    JEANNE D. SEMIVAN
Special Assistant United States Attorney
WILLIAM C. MATTESICH
Assistant United States Attorney

WYATT ARNESON[1]
Arneson Law Office PLLC
Attorney for Defendant

---

[1] Assent added pursuant to email dated March 25, 2026.

**PRELIMINARY INSTRUCTIONS FOR USE**

**BEFORE AND AFTER VOIR DIRE**

JURY INSTRUCTION No. 1[2]

INSTRUCTIONS BEFORE VOIR DIRE

Members of the Jury Panel, if you have a cell phone, smart phone, iPhone, Android device, or any other wireless communication device with you, please take it out now and turn it off. Do not turn it to vibration or silent; power it down. [During jury selection, you must leave it off.] (Pause for thirty seconds to allow them to comply, then tell them the following:)

If you are selected as a juror in this case, you cannot talk about the case or communicate with anyone else about the case until I tell you that such discussions are allowed. You cannot even discuss the case with your fellow jurors until I tell you to begin deliberations at the end of the trial. When I say you cannot communicate with anyone about the case in any way, this includes communications in writing, through email, via text messaging, on blogs, via comments, posts, or by accessing **any** social media websites and apps [give examples of currently popular social media applications, e.g., Twitter, Facebook, Instagram, LinkedIn, YouTube, WhatsApp, Snapchat, Tiktok, and NextDoor]. Similarly, you cannot post your own thoughts on any aspect of the trial. The point is that you must not access or allow any app or communication of any kind to expose you to outside information or opinions about this case, or to expose others to your opinions about the case, during the trial. Many of the tools you use to access email, social media, and the internet display third-party notifications, pop-ups, or ads while you are using them. These communications may be intended to persuade you or your community on an issue and could influence you in your service as a juror in this case. For example, while accessing your email, social media, or the internet, through no fault of your own, you might see popups containing information about this case or the matters, legal principles, individuals or other entities involved in this case. [This means you will need to stay off all social media platforms for the duration of the trial.] These are only examples. The sole exception to this rule about communications will occur during deliberations, when I will direct you to discuss the case with the other jurors.

---

[2] Manual of Model Criminal Jury Instructions for the Eighth Circuit § 0.01 (2025) (modified).

Throughout the trial, and even during deliberations, you also cannot conduct any type of independent or personal research or investigation regarding any matters related to this case. Therefore, you cannot use your cellphones, iPads, notebooks, tablets, computers or any other device to do any research or investigation regarding this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case. This includes accessing sites such as Google Maps, Google Earth, Casenet, PACER, or any other internet search engines. You must also ignore any and all information about the case you might see, even accidentally, while using your phone, browsing online, or accessing online or electronic apps. This prohibition is mandatory because you must base the decisions you will make in this case solely on what you hear and see in this courtroom.

I understand you may want to tell your family, close friends and other people about your participation in this trial so that you can explain when you are required to be in court. While you can tell them about these sort of logistical issues, you should warn them that you cannot speak about the details of the case and they should not ask you about this case, tell you anything they know or think they know about it, or discuss this case in your presence. If you discuss the case with someone other than the other jurors during deliberations, you may be influenced in your verdict by their opinions. That would not be fair to the parties and it would result in a verdict that is not based on the evidence and the law.

The parties have a right to have this case decided only on evidence they know about and that has been presented here in court. If you do some research, investigation, or experiment that we don't know about, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process, including the oath to tell the truth and by cross-examination. Each of the parties is entitled to a fair trial, rendered by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide a case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice. It is very

4

important that you abide by these rules. Failure to follow these instructions could result in the case having to be retried.

Are there any of you who cannot or will not abide by these rules concerning communication with others and outside research in any way, shape or form during this trial?

It is also important that you discharge your duties without discrimination, meaning that bias regarding the race, color, ethnicity, national origin, religion, gender, gender identity, sexual orientation, disability, or economic circumstances of Mr. Umar, any witnesses, or other participant(s) associated with the trial should play no part in the exercise of your judgment throughout the trial.

Because personal opinions, biases, and other beliefs, whether conscious or unconscious, favorable or unfavorable, can affect your thoughts, how you remember, what you see and hear, whom you believe or disbelieve, and how you make important decisions, the attorneys may ask you some questions related to these issues. Your answers must not only be truthful, but they must be full and complete. Some biases we are aware or conscious of and others we might not be fully aware of, which is why they are called "implicit biases" or "unconscious biases." Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may express without conscious awareness, control, or intention. Like conscious bias, unconscious bias, too, can affect how we evaluate information and make decisions.

Are there any of you who cannot or will not abide by these rules concerning communication with others and outside research in any way, shape or form during this trial?

I may not repeat these things to you before every recess but keep them in mind until you are discharged.

5

JURY INSTRUCTION No. 2[3]

INSTRUCTIONS AT END OF VOIR DIRE

During this recess, and every other recess, do not discuss this case among yourselves or with anyone else, including your family and friends. Do not allow anyone to discuss the case with you or within your hearing. "Do not discuss" also means do not e-mail, send text messages, blog, post on social media or engage in any other form of written, oral, or electronic communication, as I instructed you before.

Do not read anything about this case from any source, to include newspapers, Facebook, online, or via social media. Do not watch any televised account, to include online videos about this case. Do not listen to any radio program, podcasts, or other audio sources on the subject of this trial. Do not conduct any electronic research of any kind or consult with any other sources about this case, the people involved in the case, or its general subject matter. You must keep your mind open and free of all outside information of any kind. Only in this way will you be able to fulfill your duty to decide the case fairly, based solely on the evidence and my instructions on the law. If you decide this case on anything else, you will have done an injustice. It is very important that you follow these instructions.

The Sixth Amendment of our Constitution guarantees a trial by an impartial jury. This means that, as jurors, you must decide this case based solely on the evidence and law presented to you here in this courtroom. Until all the evidence and arguments have been presented and you begin to deliberate, you may not discuss this case with anyone, even your fellow jurors. After you start to deliberate, you may discuss the case, the evidence, and the law as it has been presented, but only with your fellow jurors. You cannot discuss it with anyone else until you have returned a verdict and the case has come to an end. I'll now walk through some specific examples of what this means.

---

[3] Manual of Model Criminal Jury Instructions for the Eighth Circuit § 0.02 (2025).

First, this means that, during the trial, you must not conduct any independent research about this case, or the matters, legal issues, individuals, or other entities involved in this case. Just as you must not search or review any traditional sources of information about this case (such as dictionaries, reference materials, or television news or entertainment programs), you also must not access any electronic resources for information about this case, about the witnesses or parties involved, or about the legal issues raised during the case. For example, you cannot look up the meaning of an objection raised during the case. It is also improper to visit or view, including electronically, any place discussed in this case. The bottom line for the important work you will be doing is that you must base your verdict only on the evidence presented in this courtroom, along with instructions on the law that I will provide.

Second, this means that you must not communicate about the case with anyone. This includes your family and friends, until deliberations, when you will discuss the case with only other jurors. During deliberations, you must continue not to communicate about the case with anyone else. Most of us use smartphones, tablets, or computers in our daily lives to access the internet, for information, and to participate in social media platforms. To remain impartial jurors, however, you must not communicate with anyone about this case, whether in person, in writing, or through email, text messaging, blogs, or posts on social media websites and apps (such as Twitter, Facebook, Instagram, LinkedIn, YouTube, WhatsApp, Snapchat, Tiktok, and NextDoor).

Please note that these restrictions are intended to apply to all kinds of communications about this case, even those that are not directed at any particular person or group. Communications like blog posts or tweets can be shared to an ever-expanding circle of people and can have an unexpected impact on this trial. For example, a post you make to your social media account might ultimately be viewed by a witness who is not supposed to know what has happened in this courtroom before he or she has testified. For these reasons, you must inform me immediately if you learn about or share any information about

7

the case outside of this courtroom, even if by accident, or if you discover that another juror has done so.

Because it is so important to the parties' rights that you decide this case based solely on the evidence and my instructions on the law, at the beginning of each day, I may ask you whether you have learned about or shared any information outside of this courtroom. (I like to let the jury know in advance that I may be doing that, so you are prepared for the question.)

I hope that for all of you this case is interesting and noteworthy.

9

**PRELIMINARY INSTRUCTIONS FOR USE**

**BEFORE OPENING STATEMENTS**

<u>JURY INSTRUCTION No. 3</u>[4]

GENERAL: NATURE OF CASE; NATURE OF INDICTMENT; BURDEN OF
PROOF; PRESUMPTION OF INNOCENCE; DUTY OF JURY; CAUTIONARY

Ladies and gentlemen: I will take a few moments now to give you some initial instructions about this case and about your duties as jurors. At the end of the trial I will give you further instructions. I may also give you instructions during the trial. Unless I specifically tell you otherwise, all such instructions—both those I give you now and those I give you later—are equally binding on you and must be followed.

[Describe your court's policy, such as "You must leave your cell phone, smart phone, iPhone and any other wireless communication devices in the jury room during the trial and may only use them during breaks. However, you are <u>not</u> allowed to have cell phones in the jury room during your deliberations. You may give the cell phone to the [bailiff] [deputy clerk] for safekeeping just before you start to deliberate. It will be returned to you when your deliberations are complete."]

This is a criminal case, brought against the defendant, Firomsa Umar, by the United States. Mr. Umar is charged with arson and attempted arson, and the possession of an unregistered destructive device. Those charges are set forth in what is called an indictment, which reads as follows:

[The Government requests that the Court read the Indictment for the jury.]

You should understand that an indictment is simply an accusation. It is not evidence of anything. Mr. Umar has pleaded not guilty, and is presumed to be innocent unless and until proved guilty beyond a reasonable doubt.

It will be your duty to decide from the evidence whether Mr. Umar is guilty or not guilty of the crimes charged. From the evidence, you will decide what the facts are. You

---

[4] Manual of Model Criminal Jury Instructions for the Eighth Circuit § 1.01 (2025) (modified).

are entitled to consider that evidence in the light of your own observations and experiences in the affairs of life. You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence. You will then apply those facts to the law which I give you in these and in my other instructions, and in that way reach your verdict. You are the sole judges of the facts, but you must follow my instructions, whether you agree with them or not. You have taken an oath to do so.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.

Finally, please remember that only Mr. Umar, not anyone else, is on trial here, and that Mr. Umar is on trial only for the crimes charged, not for anything else.

JURY INSTRUCTION No. 4[5]

ELEMENTS OF THE OFFENSE—PRELIMINARY

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crimes charged, which the government must prove beyond a reasonable doubt to make its case.

As I mentioned, the indictment alleges four counts: one count of Arson and Attempted Arson, one count of Attempted Arson, and two counts of Possession of an Unregistered Destructive Device.

Mr. Umar may only be convicted of the charges in Counts One (Arson and Attempted Arson) and Three (Attempted Arson) of the indictment, if the government proves, beyond a reasonable doubt, each of the following three elements:

*One*, on or about October 19, 2025, the defendant maliciously damaged or destroyed, or attempted to damage or destroy, Fletcher's Ice Cream & Cafe, a building located at 306 East Hennepin Avenue;

*Two*, that he did so by fire or explosive materials; and

*Three*, at the time of the fire, the Fletcher's Ice Cream & Cafe was used in interstate commerce, or was used in an activity affecting interstate commerce.

The Mr. Umar may only be convicted of the charges in Counts Two and Four of the indictment, Possession of an Unregistered Destructive Device, if the government proves, beyond a reasonable doubt, each of the following two elements:

---

[5] Manual of Model Criminal Jury Instructions for the Eighth Circuit §§ 1.02; 6.18.844; 6.26.5861 (2025) (modified); 18 U.S.C. § 844(i); 26 U.S.C. § 5861.

*One,* the defendant knowingly possessed destructive device;

*Two*, the weapon was an incendiary bomb commonly referred to as a "Molotov Cocktail" for which registration is required;

*Three*, the defendant knew the destructive device was an incendiary bomb, or Molotov Cocktail;

*Four*, the destructive device was not registered to the defendant in the National Firearms Registration and Transfer Record.

You should understand, however, that what I have just given you is only a preliminary outline. At the end of the trial I will give you a final instruction on these matters. If there is any difference between what I just told you, and what I tell you in the instructions I give you at the end of the trial, the instructions given at the end of the trial must govern you.

<u>JURY INSTRUCTION No. 5</u>[6]

EVIDENCE; LIMITATIONS

I have mentioned the word "evidence." "Evidence" includes the testimony of witnesses, documents and other things received as exhibits, any facts that have been stipulated—that is, formally agreed to by the parties, and any facts that have been judicially noticed— that is, facts which I say you may, but are not required to, accept as true, even without evidence.

Certain things are not evidence. I will list those things for you now:

Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustain an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I will tell you when that occurs, and instruct you on the purposes for which the item can and cannot be used.

---

[6] Manual of Model Criminal Jury Instructions for the Eighth Circuit § 1.03 (2025).

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with those terms. The law makes no distinction between direct and circumstantial evidence. You should give all evidence the weight and value you believe it is entitled to receive.

JURY INSTRUCTION No. 6[7]

CREDIBILITY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony of any witness to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with other evidence that you believe.

Again you must avoid bias, conscious or unconscious, based on a witness's race, color, ethnicity, national origin, religion, gender, gender identity, sexual orientation, disability, or economic circumstances in your determinations of credibility.

---

[7] Manual of Model Criminal Jury Instructions for the Eighth Circuit § 1.05 (2025).

JURY INSTRUCTION No. 7[8]

NO TRANSCRIPT AVAILABLE—NOTETAKING

At the end of the trial you must make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it may not be practical for the court reporter to read back lengthy testimony. You must pay close attention to the testimony as it is given.

If you wish, however, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. And do not let note-taking distract you so that you do not hear other answers by the witness.

When you leave at night, your notes will be secured and not read by anyone.

---

[8] Manual of Model Criminal Jury Instructions for the Eighth Circuit § 1.06A (2025).

JURY INSTRUCTION No. 8[9]

BENCH CONFERENCES AND RECESSES

During the trial it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

---

[9] Manual of Model Criminal Jury Instructions for the Eighth Circuit § 1.07 (2025).

JURY INSTRUCTION No. 9[10]

CONDUCT OF THE JURY

To ensure fairness, you as jurors must obey the following rules:

*First*, do not talk or communicate among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

*Second,* do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended, and you have been discharged as jurors.

*Third,* when you are outside the courtroom do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended, and your verdict has been accepted by me. If someone should try to talk to you about the case during the trial, please report it to the [bailiff] [deputy clerk]. (Describe person.)

*Fourth*, during the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case—you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side—even if it is simply to pass the time of day—an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, it is because they are not supposed to talk to or visit with you.

*Fifth*, it may be necessary for you to tell your family, close friends, teachers, coworkers, or employer about your participation in this trial. You can explain when you are required to be in court and can warn them not to ask you about this case, tell you anything they know or think they know about this case, or discuss this case in your

---

[10] Manual of Model Criminal Jury Instructions for the Eighth Circuit § 1.08 (2025).

presence. You must not communicate with anyone or post information about the parties, witnesses, participants, charges, evidence, or anything else related to this case. You must not tell anyone anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so. If you discuss the case with someone other than the other jurors during deliberations, it could create the perception that you have clearly decided the case or that you may be influenced in your verdict by their opinions. That would not be fair to the parties and it may result in the verdict being thrown out and the case having to be retried. During the trial, while you are in the courthouse and after you leave for the day, do not provide any information to anyone by any means about this case. Thus, for example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, computer, any online service, any text or instant messaging service, any Internet chat room, blog, or Website such as Facebook, Tiktok, Instagram, YouTube, Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict.

*Sixth*, do not do any research—on the Internet, via electronic devices, in libraries, in the newspapers, or in any other way—or make any investigation about this case on your own. Do not visit or view any place discussed in this case and do not use any computerized devices or phones to electronically search online for or to view any place discussed in the testimony. Also, do not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge.

*Seventh*, do not read anything about this case, whether it is a news story, an article in print, something online, something on social media, or in any blog or app about this case or anyone involved with it. Do not listen to any radio, television, online, video, or other types of reports about the case or about anyone involved with it. In fact, until the trial is over, I suggest that you avoid reading any news at all and avoid listening to any broadcasts of any kind, to include electronic kinds such as podcasts. I do not know whether there might be any news reports of this case, but if there are, you might inadvertently find yourself reading or listening to something before you could do anything about it. If you want, you can have

20

your spouse, or a friend clip out or save any stories for you to look at after the trial is over. I can assure you, however, that by the time you have heard the evidence in this case, you will know what you need to return a just verdict.

The parties have a right to have the case decided only on evidence they know about and that has been introduced here in court. If you do any research or investigation or experiment that we don't know about, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process, including the oath to tell the truth and by cross-examination. All of the parties are entitled to a fair trial, rendered by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide a case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice. It is very important that you abide by these rules. Remember, you have taken an oath to abide by these rules and you must do so. Failure to follow these instructions may result in the case having to be retried and could result in you being held in contempt.

*Eighth,* do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

*Ninth*, faithful performance by you of your duties as jurors is vital to the administration of justice. You should perform your duties without prejudice or fear, and solely from a fair and impartial consideration of the whole case.

Our system of justice depends on jurors like you being able and willing to make careful and fair decisions. A first response is often like a reflex; it may be quick and automatic. Even though a quick response may not be the result of conscious thought, it may influence how we judge people or even how we remember or evaluate evidence. You must not decide this case based on personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases such as stereotypes, attitudes, or

preferences that people may consciously reject but may express without conscious awareness, control, or intention. Take the time to reflect carefully and consciously about the evidence.

JURY INSTRUCTION No. 10[11]

OUTLINE OF TRIAL

The trial will proceed in the following manner:

First, the government will make an opening statement. Next Mr. Umar's attorney may, but does not have to, make an opening statement. An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

The government will then present its evidence and counsel for Mr. Umar may cross-examine. Following the government's case, Mr. Umar may, but does not have to, present evidence, testify or call other witnesses. If Mr. Umar calls witnesses, the government may cross-examine them.

After presentation of evidence is completed, the attorneys will make their closing arguments to summarize and interpret the evidence for you. As with opening statements, closing arguments are not evidence. The court will instruct you further on the law. After that you will retire to deliberate on your verdict.

---

[11] Manual of Model Criminal Jury Instructions for the Eighth Circuit § 1.09 (2025).

**INSTRUCTIONS FOR USE DURING TRIAL**

JURY INSTRUCTION No. 11[12]

DUTIES OF JURY—RECESSES

During this recess, and every other recess, you must not discuss this case with anyone, including the other jurors, members of your family, people involved in the trial, or anyone else. Do not allow anyone to discuss the case with you or within your hearing. Only you have been chosen as jurors in this case, and only you have sworn to uphold the law— no one else has been chosen to do this. You should not even talk among yourselves about the case before you have heard all the evidence and the case has been submitted to you by me for deliberations, because it may affect your final decision. If anyone tries to talk to you about the case, please let me know about it immediately.

When I say "you must not discuss the case with anyone," I also mean do not e-mail, send text messages, blog or engage in any other form of written, oral or electronic communication, as I instructed you before.

Do not read any newspaper or other written account, watch any televised account, or listen to any radio program about this trial. Do not conduct any electronic research or consult with any other sources about this case, the people involved in the case, or its general subject matter. You must keep your mind open and free of outside information. Only in this way will you be able to decide the case fairly, based solely on the testimony, evidence presented in this courtroom, and my instructions on the law. If you decide this case on anything else, you will have done an injustice. It would be a violation of your oath for you to base your decision on someone else's view or opinion, or upon other information you acquire outside the courtroom. It is very important that you follow these instructions.

I may not repeat these things to you before every recess but keep them in mind throughout the trial.

---

[12] Manual of Model Criminal Jury Instructions for the Eighth Circuit § 2.01 (2025).

<u>JURY INSTRUCTION No. 12</u>[13]

STIPULATED FACTS

***[If appropriate]***

The government and Mr. Umar have stipulated—that is, they have agreed—that certain facts are as counsel have just stated. You must therefore treat those facts as having been proved.

---

[13] Manual of Model Criminal Jury Instructions for the Eighth Circuit § 2.03 (2025).

**INSTRUCTIONS FOR USE AT THE END OF TRIAL**

JURY INSTRUCTION No. 13[14]

INTRODUCTION

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because all are important. This is true even though some of those I gave you at the beginning of or during trial are not repeated here.

The instructions I am about to give you now are in writing and will be available to you in the jury room. I emphasize, however, that this does not mean they are more important than my earlier instructions. Again, *all* instructions, whenever given and whether in writing or not, must be followed.

---

[14] Manual of Model Criminal Jury Instructions for the Eighth Circuit § 3.01 (2025).

JURY INSTRUCTION No. 14[15]

DUTY OF JURY

It is your duty to find from the evidence what the facts are. You will then apply the law, as I give it to you, to those facts. You must follow my instructions on the law, even if you thought the law was different or should be different.

You should not be influenced by any person's race, color, ethnicity, national origin, religion, gender, gender identity, sexual orientation, disability, or economic circumstances. You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, sympathy, or biases, including unconscious bias. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may express without conscious awareness, control, or intention. Like conscious bias, unconscious bias, too, can affect how we evaluate information and make decisions.

The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

---

[15] Manual of Model Criminal Jury Instructions for the Eighth Circuit § 3.02 (2025).

JURY INSTRUCTION NO. 15[16]

EVIDENCE; LIMITATIONS

I have mentioned the word "evidence." The "evidence" in this case consists of the testimony of witnesses, the documents and other things received as exhibits, any facts that have been stipulated—this is, formally agreed to by the parties, and any facts that have been judicially noticed—this is, facts which I say you may, but are not required to, accept as true, even without evidence.

You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence in the case.

Certain things are not evidence. I will list those things again for you now:

1. Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

2. Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3. Testimony that I struck from the record, or told you to disregard, is not evidence and must not be considered.

4. Anything you saw or heard about this case outside the courtroom is not evidence.

Finally, if you were instructed that some evidence was received for a limited purpose only, you must follow that instruction.

---

[16] Manual of Model Criminal Jury Instructions for the Eighth Circuit § 3.03 (2025).

JURY INSTRUCTION NO. 16[17]

CREDIBILITY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness' intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness' memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

[You should judge the testimony of Mr. Umar in the same manner as you judge the testimony of any other witness.][18]

---

[17] Manual of Model Criminal Jury Instructions for the Eighth Circuit § 3.04 (2025).

[18] To be given if the defendant testifies.

JURY INSTRUCTION No. 17[19]

EXPERT WITNESSES

You have heard testimony from persons described as experts. Persons who, by knowledge, skill, training, education, or experience, have become expert in some field may state their opinions on matters in that field and may also state the reasons for their opinion.

Expert testimony should be considered just like any other testimony. You may accept or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the soundness of the reasons given for the opinion, the acceptability of the methods used, and all the other evidence in the case.

---

[19] Manual of Model Criminal Jury Instructions for the Eighth Circuit § 4.10 (2025).

JURY INSTRUCTION No. 18[20]

RULE 1006 SUMMARIES

You will remember that certain [schedules] [summaries] [charts] were admitted in evidence. You may use those [schedules] [summaries] [charts] as evidence, even though the underlying documents and records are not here. [However, the [accuracy] [authenticity] of those [schedules] [summaries] [charts] has been challenged. It is for you to decide how much weight, if any, you will give to them. In making that decision, you should consider all of the testimony you heard about the way in which they were prepared.]

---

[20] Manual of Model Criminal Jury Instructions for the Eighth Circuit § 4.12 (2025).

JURY INSTRUCTION NO. 19[21]

DESCRIPTION OF CHARGES; INDICTMENT NOT EVIDENCE; PRESUMPTION OF INNOCENCE; BURDEN OF PROOF (SINGLE DEFENDANT, MULTIPLE COUNTS)

The Indictment in this case charges Mr. Umar with two different crimes. Count One charges that Mr. Umar committed or attempted to commit the crime of Arson, and Count Three charges that Mr. Umar attempted to commit the crime of Arson. Counts Two and Four charge that Mr. Umar committed the crime of Possession of an Unregistered Destructive Device. Mr. Umar has pleaded not guilty to each of those charges.

The Indictment is simply the document that formally charges Mr. Umar with the crime for which he is on trial. The Indictment is not evidence. At the beginning of the trial, I instructed you that you must presume Mr. Umar to be innocent. Thus, Mr. Umar began the trial with a clean slate, with no evidence against him.

The presumption of innocence alone is sufficient to find Mr. Umar not guilty and can be overcome only if the government proved during the trial, beyond a reasonable doubt, each element of a crime charged.

Keep in mind that each count charges a separate crime. You must consider each count separately, and return a separate verdict for each count.

There is no burden upon a defendant to prove that he or she is innocent. Instead, the burden of proof remains on the government throughout the trial. [The fact that Mr. Umar did not testify must not be considered by you in any way, or even discussed, in arriving at your verdicts.]

---

[21] Manual of Model Criminal Jury Instructions for the Eighth Circuit § 3.06 (2025).

34

JURY INSTRUCTION No. 20[22]

DATE OF CRIME CHARGED

The Indictment charges that the offenses alleged in each count were committed "in or about" or "on or about" a certain date. The government must prove that the offense happened reasonably close to that date or timeframe, but is not required to prove the alleged offense happened on that exact date.

---

[22] Manual of Model Criminal Jury Instructions for the Eighth Circuit § 3.14 (2025) (modified).

JURY INSTRUCTION NO. 21[23]

ARSON OF PROPERTY USED IN OR AFFECTING INTERSTATE COMMERCE
(NO PERSONAL INJURY INVOLVED) (18 U.S.C. § 844(i))

It is a crime for a person to commit arson. This crime, as charged in Counts One and Three of the indictment, has three elements:

*One*, on or about October 19, 2025 (Count 1) and October 20, 2025 (Count 3), Mr. Umar maliciously damaged or destroyed, or attempted to damage or destroy, Fletcher's Ice Cream & Cafe, a building located at 309 East Hennepin Avenue;

*Two*, that he did so by fire or explosive materials; and

*Three*, at the time of the fire, the Fletcher's Ice Cream & Cafe was used in interstate commerce, or was used in an activity affecting interstate commerce.

"Interstate commerce" means business or trade taking place between people or entities located in two or more states, or between people and entities in the United States and another country(ies). The government must prove that the property was actually used for a function involving or affecting interstate commerce. Property "used in an activity affecting interstate commerce" means active use of the property for a real commercial purpose, not just a passive, passing, or past connection to this sort of trade.

To act maliciously means to act with the intent that, or with willful disregard of, the likelihood that damage or injury would result.

If all of these elements have been proved beyond a reasonable doubt as to Mr. Umar, then you must find him guilty of the crime charged under Count One and/or Count 3; otherwise you must find Mr. Umar not guilty of this crime under Count One and/or Count 3.

---

[23] Manual of Model Criminal Jury Instructions for the Eighth Circuit §§ 3.09 and 6.18.844 (2025).

JURY INSTRUCTION NO. 22[24]

POSSESSION OF AN UNREGISTERED DESTRUCTIVE DEVICE

It is a crime for a person to use or possess an unregistered destructive device. This crime, as charged in Counts Two and Four of the indictment, has four elements:

*One,* Mr. Umar knowingly possessed destructive device;

*Two*, the weapon was an incendiary bomb commonly referred to as a "Molotov Cocktail" for which registration is required;

*Three*, Mr. Umar knew the destructive device was an incendiary bomb, or Molotov Cocktail;

*Four*, the destructive device was not registered to Mr. Umar in the National Firearms Registration and Transfer Record.

If all of these elements have been proved beyond a reasonable doubt as to Mr. Umar, then you must find him guilty of the crime charged under Counts Two and/or Four; otherwise you must find Mr. Umar not guilty of this crime under Counts Two and/or Four.

---

[24] Manual of Model Criminal Jury Instructions for the Eighth Circuit § 6.26.5861 (2025).

JURY INSTRUCTION NO. 23[25]

REASONABLE DOUBT

Reasonable doubt is doubt based upon reason and common sense, and not doubt based on speculation. A reasonable doubt may arise from careful and impartial consideration of all the evidence, or from a lack of evidence. Proof beyond a reasonable doubt is proof of such a convincing character that a reasonable person, after careful consideration, would not hesitate to rely and act upon that proof in life's most important decisions. Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

---

[25] Manual of Model Criminal Jury Instructions for the Eighth Circuit § 3.11 (2025).

JURY INSTRUCTION NO. 24[26]

ELECTION OF FOREPERSON; DUTY TO DELIBERATE; PUNISHMENT NOT A
FACTOR; COMMUNICATIONS WITH COURT; CAUTIONARY; VERDICT FORM

In conducting your deliberations and returning your verdict, there are certain rules you must follow. I will list those rules for you now.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict—whether guilty or not guilty—must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

*Third*, if the defendant is found guilty, the sentence to be imposed is my responsibility. You may not consider punishment in any way in deciding whether the government has proved its case beyond a reasonable doubt.

*Fourth*, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone—including me—how your votes stand numerically.

---

[26] Manual of Model Criminal Jury Instructions for the Eighth Circuit § 3.12 (2025) (modified).

39

*Fifth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict whether guilty or not guilty must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

*Finally*, the verdict form is simply the written notice of the decision that you reach in this case. [The verdict form reads: (read form)].

You will take this form to the jury room, and when each of you has agreed on the verdicts, your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.